UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:14-CR-070 |
| | ) | |
| EVELYN JEAN VICKERS | ) | |

## **MEMORANDUM AND ORDER**

Now before the Court are the defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and her *pro se* request for appointment of counsel. [Doc. 449]. The United States has responded in opposition to those motions. [Doc. 454]. For the reasons stated below, the defendant's request for appointment of counsel will be denied and her request for compassionate release will be granted.

## I. BACKGROUND

In July 2015, this Court sentenced the defendant to a below-guidelines term of 110 months' imprisonment for drug and firearm offenses. The defendant is presently housed at FPC Alderson with a scheduled release date of June 19, 2022. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited August 19, 2020).

As noted, the defendant moves for immediate compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018. In support, she cites the COVID-19 pandemic and her recent breast cancer diagnosis.

## II. DISCUSSION

Section 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute,

as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Beyond this change, the statute still applies the same requirements to a defendant's motion for compassionate release as previously applied to motions by the BOP Director. *See, e.g., United States v. Beck*, 425 F. Supp. 3d 573, 578-79 (M.D.N.C. 2019).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. *See United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *3 (S.D. Ind. May 9, 2019). While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to

provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *Id.* at *2 (citations omitted). Moreover, the Court has no reason to believe that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider. *See id.* (concluding likewise).

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A)(i), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether a movant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

### A. Exhaustion

In this case, the record demonstrates that the defendant has previously asked the BOP to file a compassionate relief request on her behalf. [Doc. 449, p. 4]. More than 30 days have passed since that request was received by the warden of her facility. The Court thus has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 832.

### B. Merits

#### 1. Extraordinary and Compelling Reasons

The Application Notes to guideline 1B1.13 provide, in material part:

3

> 1. Extraordinary and Compelling Reasons.— ... [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1(A). The instant motion appears to be based on Application Note 1(A)(ii)(I), which requires a serious medical condition that substantially diminishes the ability to provide self-care within the prison environment and from which the movant is not expected to recover.

There are no medical records before the Court. However, the defendant has submitted a BOP Form BP-A014B dated June 19, 2020, which confirms that she has been diagnosed with infiltrating ductal carcinoma, a form of breast cancer. [Doc. 449, p. 5]. The form further states that the defendant's "treatment plan will be determined by the findings (pathology) from your [illegible] surgical procedure that will be upcoming. The need for radiation treatments or chemotherapy (if needed) will depend on your tumor stage

4

which cannot be determined until your cancer is removed." [*Id.*].

Persons with cancer are presently considered to be at increased risk of serious illness from COVID-19. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 19, 2020). The instant defendant's precise status is unknown in light of her "upcoming" medical procedure, but surgery, chemotherapy, and radiation (along with their inevitable weakening side effects) are contemplated according to the most current information available to the Court. The United States concedes that the Court could "find that Vickers's medical condition constitutes an extraordinary and compelling reason within the meaning of § 1B1.13." [Doc. 454, p. 9]. The Court so finds.

### 2. Danger to Any Other Person or to the Community

Next, the Court must determine whether the defendant has shown that she would not be a danger if released. Guideline 1B1.13 provides that compassionate release is only appropriate where "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(2). Section 3142(g) outlines the factors the Court must consider in determining whether a defendant should be detained pending trial. Specifically, § 3142(g) provides:

> (g) Factors to be considered.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—

5

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Court has considered the above-listed factors and has refamiliarized itself with the defendant's PSR. The Court has also reviewed the defendant's BOP SENTRY Report.

In the instant case, the defendant pled guilty to conspiring to distribute approximately 5.2 kilograms of a-PVP over a two-year period. [Doc. 114; doc. 291, ¶ 9]. She also pled guilty to possessing a pistol despite having previously been convicted of a felony. [Doc. 114; doc. 291, ¶ 10]. Obviously, those are serious crimes.

Also serious was the defendant's criminal history at the time of sentencing. Her PSR tallied 14 countable criminal history points primarily stemming from drug and theft convictions. [Doc. 291, ¶¶ 44-57]. There have been numerous probation violations. [*Id.,*

6

¶¶ 45-46, 48-50, 56]. The defendant has used controlled substances since age 12. [*Id.*, ¶ 74].

However, the defendant's conduct while serving her current sentence has been commendable. True, there was a disciplinary sanction in 2017 for taking "two pills a day instead of one," but that conduct has not been repeated and the disciplinary record is otherwise clean. The defendant has completed numerous vocational and educational courses. Most importantly, she has earned her GED.

The defendant has submitted to the BOP a proposed release plan. She intends to live with her mother. At the Court's request, the probation office of this district has investigated the defendant's proposed release plan and has found it to be acceptable. The Court observes that, according to the PSR, the defendant's parents "have always been supportive and involved in the defendant's life." [Doc. 291, ¶ 64].

The defendant's conduct while serving her current term of imprisonment, combined with her acceptable release plan and recent medical diagnosis, persuades the Court that she would not pose a danger to the safety of any other person or the community if released.

### 3. Section 3553(a) Factors

Section 3553(a) provides:

(a) Factors to be considered in imposing a sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission];

. . . .

(5) any pertinent policy statement guidelines [issued by the Sentencing Commission];

. . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Having considered these factors, the Court concludes that the time served in this case constitutes a sentence sufficient, but not greater than necessary, to accomplish the goals of sentencing. Many of the pertinent § 3553(a) factors have already been discussed in the preceding section of this memorandum. As for the considerations of adequate deterrence and the avoidance of unwarranted sentence disparity, the Court notes that the defendant has less than 22 months of actual time remaining on her 110-month sentence. A

8

three-year term of supervised release remains in place.

Reducing the defendant's sentence to time served is consistent with the § 3553(a) factors. Although it does not wish to minimize the seriousness of the defendant's offense and her criminal history, the Court concludes that service of the bulk of her sentence in this case is sufficient under the § 3553(a) factors. The defendant's conduct while incarcerated indicates that the remaining 22 months of her sentence is negligible for purposes of achieving the goals of sentencing but is far from negligible as it pertains to her serious medical diagnosis and the current pandemic.

Thus, the Court concludes that, in light of the defendant's physical condition and her post-sentencing conduct, continued incarceration would not serve the goals of sentencing as set forth in the § 3553(a) factors. Because the Court finds that the defendant has shown extraordinary and compelling reasons for compassionate release, and that she does not pose a danger to the safety of any other person or the community, and that a reduction in sentence would be consistent with the § 3553(a) factors, the defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) will be granted.[1]

### III.  APPOINTMENT OF COUNSEL

There is no constitutional right to counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (holding that the constitutional right to counsel does not extend to collateral

---

[1] The Court notes the United States' request for an extended period of supervised release and "a lengthy term of home confinement." [Doc. 454, p. 10]. For the reasons discussed herein, the Court deems those added restrictions unnecessary.

9

proceedings). A district court has *discretion*, under 18 U.S.C. § 3006A(a)(2), to appoint counsel when "the interests of justice so require." In exercising discretion as to whether to appoint counsel, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

The compassionate release arguments presented to the Court in this case are straightforward and familiar, not beyond the capability of an ordinary *pro se* litigant—as particularly evidenced by the Court's granting of compassionate release. The defendant's request for appointment of counsel will accordingly be denied.

## IV. CONCLUSION

For the reasons stated herein, Defendant's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [doc. 449] will be granted and her request for the appointment of counsel [doc. 449] will be denied. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge